# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVEN DONELL NICKSON,

    Plaintiff,

vs.                                                          No. CIV 17-1081 JB/GBW

NEW MEXICO STATE;
WILLIAM J. HULL;
WILLIAM G.W. SHOEBRIDGE, and
FIFTH JUDICIAL DISTRICT
ATTORNEYS OFFICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Prisoner's Civil Rights Complaint, filed October 31, 2017 (Doc. 1)("Complaint"). The Court will dismiss Steven Nickson's Complaint, based on immunity and failure to state a claim on which relief can be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Nickson filed his Complaint under 28 U.S.C. § 1983, on October 31, 2017. His Complaint names, as Defendants, New Mexico State, Public Defender William J. Hull, District Judge William G.W. Shoobridge (Nickson incorrectly spells the Judge's name "Shoebridge"), and Fifth Judicial District Attorneys Office. See Complaint, ¶ 6, at 3. Nickson is proceeding under 42 U.S.C. § 1983, alleging denial of his rights and violations of the canons of judicial conduct. See Complaint, ¶¶ 5, at 2; 7-10, at 4-5. Nickson alleges two counts against the Defendants: (i) "Claim I: Conflict of Interest imposed by the State of New Mexico, Fifth Judicial District Attorneys Office . . ."; and (ii) "Claim II: Conflict of Interest; Jurisdiction;

Denial of Rights." Complaint ¶¶ 5, at 2; id. ¶ 10, at 5. Nickson seeks reversal of his conviction, "Publication(s) Rights w/ full Prejudice," and $5,200,000.00 in damages. Complaint ¶ 17, at 8.

Nickson pled guilty and was convicted on four counts of possession of a controlled substance. See State v. Nickson, No. D-506-CR-2014-00523 (State of New Mexico, County of Lea, Fifth Judicial District Court).[1]  On April 11, 2017, Nickson was sentenced to seven months and six days probation with credit for time served on Counts 1 and 2, and a suspended sentence of eighteen months on Counts 3 and 4. On October 12, 2017, a Fifth Judicial District Court order revoked his probation. See Order Revoking Probation and Commitment to the Corrections Department, filed October 12, 2017.

All of the allegations in the Complaint appear to arise from the original proceedings leading to Nickson's conviction and sentence, and not from the proceedings revoking his probation. See Complaint ¶¶ 4-5, at 2; 7-10, at 4-5. Nickson also alleges that he has a petition for writ of certiorari pending before the New Mexico's Supreme Court. See Complaint ¶ 11, at 6. The state district court record reflects the filing of a petition for writ of certiorari, but does not indicate that he presented any habeas corpus petition to the district court, or that any appealable order had been entered at the time he filed the certiorari petition. The state court record also

---

[1]The Court takes judicial notice of the official record in Nickson's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA), see United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); Shoulders v. Dinwiddie, No. CIV-06-890-C, 2006 WL 2792671 (W.D. Okla. Sept. 26, 2006)(court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); Stack v. McCotter, 79 F. App'x 383 (10th Cir. 2003)(unpublished opinion)(finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

shows that, in addition to Hull, Nickson has had four defense counsel, all of whom have either withdrawn or attempted to withdraw from the representation.

The state court record establishes that Hull represented Nickson in the state criminal case for a period of approximately one month from September 2, 2014, to October 3, 2014. Hull withdrew when he accepted employment with the Fifth Judicial District Attorney's Office. Nickson filed a motion to dismiss based on a conflict of interest, and Nickson's substituted counsel filed a motion to disqualify Hull. The Fifth Judicial District Court, Judge William Shoobridge, denied the motion, finding:

> (2) The [Fifth Judicial District Attorney's] office has proffered to the Defendant's new attorney the policies and procedures that have been put in place to ensure that the Defendant's former attorney has been effectively screened out of the prosecution of the Defendant;
>
> (3) Counsel for the Defendant and this Court accept the proffer and the Court finds that based upon the record compiled to date that the Defendant's former counsel has been effectively screened from this prosecution and as such the motion should be denied.

See State v. Nickson, Order Denying Motion to Disqualify, entered February 26, 2015.

## THE LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

Nickson is proceeding pro se and in forma pauperis. The Court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363,

365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief, or is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989).  See also Hall v. Bellmon, 935 F.2d at 1109.  The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings, and consider any other materials that the parties filed, and court proceedings subject to judicial notice.  See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, the court liberally construes the factual allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  A pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the court's applicable rules.  See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims.  Nor may the court assume the role of advocate for the pro se litigant.  See Hall v. Bellmon, 935 F.2d at 1110.

# THE LAW GOVERNING NICKSON'S CLAIMS

The law regarding judicial and prosecutorial immunity, § 1983 and Heck v. Humphry, 512 U.S. 477 (1994) govern Nickson's claims. Absolute judicial and prosecutorial immunity bar claims against judges and prosecutors acting, respectively, in their judicial and prosecutorial roles. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990); Hunnicutt v. Sewell, 219 P.3d 529, 534-45 (N.M. Ct. App. 2009); Miller v. Spiers, 434 F. Supp. 2d 1064, 1066 (D.N.M. 2006); Johnson v. Lally, 887 P.2d 1262, 1263 (N.M. Ct. App. 1994). Claimants under § 1983 must allege that government officials, acting "under color of" state law, deprived the claimant of substantive, constitutional rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). The Heck v. Humphry doctrine bars prisoners' claims for relief when the requested relief would invalidate a conviction or sentence. See Heck v. Humphry, 512 U.S. at 487; Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005).

1. **The Law Regarding Judicial and Prosecutorial Immunity.**

Absolute judicial immunity bars civil rights and state law claims against judicial officers acting as judges. See Stump v. Sparkman, 435 U.S. at 355-56; Christensen v. Ward, 916 F.2d at 1473-76; Hunnicutt v. Sewell, 219 P.3d at 534-45. The doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims and state law claims. See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986); Collins ex rel. Collins v. Tabet, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).

The Supreme Court of the United States of America has recognized absolute immunity

for officials whose special functions or constitutional status requires complete protection from suit. See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. See Miller v. Spiers, 434 F. Supp. 2d at 1066; Johnson v. Lally, 887 P.2d at 1263. The common law has long recognized that prosecutors must be given immunity from civil liability's chilling effects. See Burns v. Reed, 500 U.S. 478, 485 (1991); Griffith v. Slinkard, 44 N.E. 1001, 1002 (Ind. 1896); Collins ex rel. Collins v. Tabet, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

### 2. **The Law Governing § 1983 Claims.**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights which the United States Constitution secures. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. at 48. There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under § 1983. See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. Plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who is alleged to have done what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in the original). Nor do generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

**3. The Law Regarding Heck v. Humphry.**

In Heck v. Humphry, 512 U.S. at 487, the Supreme Court addressed the question of when

a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would invalidate the conviction, the complaint must be dismissed. See Heck v. Humphry, 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, the Heck v. Humphry doctrine bars declaratory and injunctive relief. See Wilkinson v. Dotson, 544 U.S. at 80-81 (2005). See also Edwards v. Balisok, 520 U.S. 641, 644-49 (1997).

## ANALYSIS

### I. JUDICIAL AND PROSECUTORIAL IMMUNITY BARS ANY CLAIMS AGAINST JUDGE SHOOBRIDGE AND THE FIFTH JUDICIAL DISTRICT ATTORNEYS OFFICE.

Nickson names Shoobridge as a Defendant. Nickson alleges:

> Court Docketed proceedings of "Honorable" William G.W. Shoebridge over ruling a motion I filed against the State of New Mexico on a Mandated Rule of Dismissal by the Rules of Professional Conduct, Proclaiming that a screening devise was sufficient for a mandated Rule of Dismissal of the new District Attorney William J. Hull <JR> Substantially involved relationship before he conflicted interest for the State of New Mexico's 5th Judicial Dist Attorneys Office.

Motion at 5. It is unclear what, if any, constitutional violation Nickson is alleging Judge Shoobridge committed. Treating these allegations as asserting a § 1983 claim against Judge Shoobridge, however, Nickson seeks to recover against Judge Shoobridge for acts made in the exercise of judicial discretion. See Van Sickle v. Holloway, 791 F.2d at 1434-35. Absolute judicial immunity bars any claims against Judge Shoobridge.

Similarly, the Complaint identifies the Fifth Judicial District Attorney's Office as a

Defendant, but does not specify any acts or omissions by any individual other than the claimed Hull's alleged conflict of interest. The allegations against the Fifth Judicial District Attorney's Office, however, are for advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. at 430. Even if the allegations against the Fifth Judicial District Attorney's Office are sufficient to state § 1983 claims, prosecutorial immunity bars those claims.

## II. THE CLAIMS AGAINST NEW MEXICO AND HULL DO NOT STATE A § 1983 CLAIM.

Plaintiff Nickson names "New Mexico State <William J. Hull>" in the Complaint. See Complaint at 1. It is not clear from the caption whether Nickson intends to name the State of New Mexico as a Defendant or whether he intends to identify Hull as a state actor. If Nickson is alleging claims against the State of New Mexico, New Mexico is not a "person" within the meaning of 42 U.S.C. § 1983, and there is no remedy against New Mexico under § 1983. Any claims against New Mexico, including any claims against the Fifth Judicial District Attorney's Office as a state agency, do not state any claim for relief, and the Court will dismiss those claims. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989).

With respect to Hull, Nickson alleges that "Mr. William J. Hull<JR> was my NM court appointed attorney." Complaint, ¶ 2 at 1. Nickson alleges that Hull violated the Rules of Professional Conduct and breached his duty as defense counsel when Hull took a position as an assistant district attorney, creating a conflict of interest. To the extent Nickson's claims against Hull arise out of Hull's representation of Nickson as a public defender, Hull cannot be sued under § 1983, because he did not act under color of state law. See, Polk County v. Dodson, 454 U.S. 312, 315 (1981). The Complaint does not state any claim for relief against Hull in his capacity as a public defender.

## III. HECK V. HUMPHRY BARS ALL OF PLAINTIFF'S CLAIMS.

All of the claims alleged in Nickson's Complaint are attacks on the criminal proceedings underlying his conviction in D-506-CR-2014-00523. See Complaint at 2, 4-5. Nickson's Prayer for Relief asks the Court for "reversal of conviction in reference to <State of New Mexico> Steven D. Nickson D-506-CR-2014-523.". Complaint ¶ 17 at 8. Nickson's request for relief necessitates the invalidation of his sentence. See Wilkinson v. Dotson, 544 U.S. at 80-81. Because a favorable ruling on Nickson's claims would require treating his sentence in D-506-CR-2014-00523 as invalid, the Court will dismiss the civil rights claims under the Heck v. Humphry doctrine. See, Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 556-57 (10th Cir. 1999).

Regardless whether they are claims for monetary, declaratory, or injunctive relief, and regardless whether they are against the judge, the prosecution, defense counsel, or New Mexico, Heck v. Humphry bars all claims against all Defendants. See Wilkinson v. Dotson, 544 U.S. at 80-81. The Court will dismiss the Complaint for failure to state a claim upon which relief can be granted under rule 12(b)(6) and § 1915(e)(2)(B).

## IV. THE COURT WILL NOT GRANT LEAVE TO AMEND.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow the plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. See Hall v. Bellmon, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under rule 12(b)(6) or § 1915(e)(2)(B) standards. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004.)

The Court will dismiss Nickson's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. See Hall v. Bellmon, 935 F.2d at 1109. The Heck v. Humphry doctrine would still bar any amendment to Nickson's claims, and the new complaint would be subject to immediate dismissal. The Court will dismiss without leave to amend. See Bradley v. Val-Mejias, 379 F.3d at 901.

**V. THE COURT WILL IMPOSE A "STRIKE" UNDER THE PRISON LITIGATION REFORM ACT ("PLRA"), 28 U.S.C. § 1915(G).**

When it enacted the in forma pauperis statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Congress also recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. See Neitzke v. Williams, 490 U.S. at 324. Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. See Jones v. Bock, 549 U.S. 199, 202-04 (2007).

> Those reforms include the three-strike rule. The three-strike rule of § 1915(g) states:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the Court concludes that Nickson's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g). Nickson is notified that, if he accrues three strikes, he may not proceed in forma pauperis in any

future civil actions before federal courts unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

**IT IS ORDERED** that: (i) the Prisoner's Civil Rights Complaint, filed October 31, 2017 (Doc. 1) is dismissed with prejudice; (ii) Plaintiff Steven Donell Nickson's Motion to Proceed in Questioning of Facts of Evidence, filed November 28, 2017 (Doc. 7); Motion to Submit Proof of Evidence, filed December 5, 2017 (Doc. 9); Motion for Service of Process, filed December 22, 2017 (Doc. 11); Motion for Summary Judgment, filed December 27, 2017 (Doc. 13); Motion to Grant Findings and Conclusions, filed January 9, 2018 (Doc. 14); Motion to Appoint Counsel, filed March 7, 2018 (Doc. 18); Motion to Submit Facts of Constitutional Law, filed March 7, 2018 (Doc. 19); Motion for Entry of Judgment Pursuant to Rule 58(c), filed April 11, 2018 (Doc. 20); Motion for Preliminary Injunction, filed May 23, 2018 (Doc. 21) are denied as moot in light of the Court's dismissal of this proceeding; and (iii) a strike is imposed against Plaintiff Steven Donell Nickson under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven Donnell Nickson
Los Lunas, New Mexico

    *Pro se*